# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SUPER INTERCONNECT TECHNOLOGIES LLC, | ) ) ) |
| Plaintiff, | ) ) ) Civil Action No. 2:18-cv-00463-JRG |
| v. | ) ) ) |
| | ) **REDACTED** |
| GOOGLE LLC, | ) JURY TRIAL DEMANDED |
| Defendant. | ) ) ) ) |

## DEFENDANT GOOGLE LLC'S MOTION TO DISMISS FOR IMPROPER VENUE UNDER RULE 12(B)(3) AND 28 U.S.C. § 1406

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................. 1

II. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT (L.R. CV-7(A)(1)) ................................................................................................................................ 2

III. PROCEDURAL HISTORY AND FACTUAL BACKGROUND ..................................... 2

    A. SIT's Complaint, Parallel Actions, And The *SEVEN* Appeal ............................... 2

    B. Google And The GGC Servers ................................................................................. 4

IV. VENUE IS NOT PROPER IN THE EASTERN DISTRICT OF TEXAS ........................ 5

    A. Google Does Not Reside In This District ................................................................. 6

    B. SIT Cannot Show that Google Has A "Regular And Established Place of Business" In This District Under *Cray*'s Three Factor Test ................................. 6

        1. *Cray* Factor 1: GGC Servers Are Not "Physical Places Of Business" ....................................................................................................... 6

        2. *Cray* Factor 2: GGC Servers Are Not "Regular And Established" ........... 8

        3. *Cray* Factor 3: GGC Servers Do Not Belong To Google .......................... 9

    C. SIT Cannot Show That Google's Alleged Acts Of Infringement In This District Are Tied To Any "Regular And Established Place Of Business" ............ 9

V. CONCLUSION ................................................................................................................ 10

# TABLE OF AUTHORITIES

**Page**

**Cases**

*BMC Software, Inc. v. Cherwell Software, LLC*,
  No. 1:17-cv-1074, D.I. 55 (E.D. Va. Dec. 21, 2017) ................................................................. 7

*CDx Diagnostic, Inc. v. U.S. Endoscopy Grp., Inc.*,
  No. 13-CV-5669(NSR), 2018 WL 2388534 (S.D.N.Y. May 24, 2018) .................................... 8

*CUPP Cybersecurity, LLC, v. Symantec Corp.*,
  C.A. No. 3:18-CV-01554, D.I. 53 (N.D. Tex. Dec. 21, 2018) .................................................. 2

*HomeBingo Network, Inc. v. Chayevsky*,
  428 F. Supp. 2d 1232 (S.D. Ala. 2006) .................................................................................... 7

*In re Cray Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017) ......................................................................................... 1, 6, 9

*In re Google LLC*,
  No. 2018-152, 2018 WL 5536478 (Fed. Cir. Oct. 29, 2018) ................................................ 1, 4

*In re ZTE (USA) Inc.*,
  890 F.3d 1008 (Fed. Cir. 2018) ................................................................................................ 6

*Jeffrey Galion, Inc. v. Joy Mfg. Co.*,
  323 F. Supp. 261 (N.D. W. Va. 1971) .................................................................................... 10

*Magee v. Coca-Cola Refreshments USA, Inc.*,
  833 F.3d 530 (5th Cir. 2016) .................................................................................................... 8

*Personal Audio, LLC v. Google, Inc.*,
  280 F. Supp. 3d 922 (E.D. Tex. 2017) ............................................................................. 2, 7, 8

*Raytheon Co. v. Cray, Inc.*,
  258 F. Supp. 3d 781 (E.D. Tex. 2017) ..................................................................................... 6

*Regents of Univ. of Minn. v. Gilead Scis., Inc.*,
  299 F. Supp. 3d 1034 (D. Minn. 2017) .................................................................................... 8

*Scaramucci v. FMC Corp.*,
  258 F. Supp. 598 (W.D. Okla. 1966) ...................................................................................... 10

*SEVEN Networks, LLC v. Google LLC*,
  315 F. Supp. 3d 933 (E.D. Tex. 2018) ................................................................................. 1, 8

*Super Interconnect Techs. LLC v. HP Inc.*,
  No. 1:19-cv-00169 (D. Del.) ..................................................................................................... 3

# TABLE OF AUTHORITIES
#### cont.

**Page**

*Super Interconnect Techs. LLC v. Huawei Device Co.*,
  No. 2:18-cv-00462 (E.D. Tex.) .................................................................................. 3

*Super Interconnect Techs. LLC v. Lenovo Group Ltd.*,
  No. 1:18-cv-01729 (D. Del.) ...................................................................................... 3

*Super Interconnect Techs. LLC v. Motorola Mobility, LLC*,
  No. 1:18-cv-01730 (D. Del.) ...................................................................................... 3

*Super Interconnect Techs. LLC v. Sony Corp.*,
  No. 1:18-cv-01731 (D. Del.) ...................................................................................... 3

*Super Interconnect Techs. LLC v. ZTE Corp.*,
  No. 3:18-cv-02932 (N.D. Tex.) .................................................................................. 3

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
  137 S. Ct. 1514 (2017) ............................................................................................ 1, 6

*VE Holding Corp. v. Johnson Gas Appliance Co.*,
  917 F.2d 1574 (Fed. Cir. 1990) ................................................................................ 10

**Statutes**

28 U.S.C. § 1400(b) ............................................................................................................ 6

**Other Authorities**

Black's Law Dictionary (1st ed. 1891) ............................................................................... 9

I.      INTRODUCTION

Venue as to Defendant Google LLC ("Google") is improper under the Supreme Court's decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, which established that venue in a patent case exists only (1) where the defendant is incorporated or (2) in a district in which the defendant has a regular and established place of business and has committed acts of infringement. 137 S. Ct. 1514 (2017). Today and at the filing of the Complaint, Google was incorporated in Delaware, with its headquarters and principal place of business in California. Google does not have any real estate, offices, or any other real property in this District, much less one that qualifies as "regular and established" under the standards that the Federal Circuit set forth in *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

The only "place of business" alleged in Plaintiff Super Interconnect LLC's ("SIT") Complaint are Google Global Cache ("GGC") servers located in this District. But GGC servers do not qualify as regular and established place of business because they are: (a) merely computers, not physical facilities, real property, or places; (b) not used for conducting "business"; (c) manufactured and sold by third parties; and (d) located, installed, hosted, and managed by third parties. Google recognizes that this Court previously found venue proper as to Google based on the GGC servers and that the Federal Circuit denied Google's mandamus petition challenging the Court's decision. *SEVEN Networks, LLC v. Google LLC*, 315 F. Supp. 3d 933 (E.D. Tex. 2018); *In re Google LLC*, No. 2018-152, 2018 WL 5536478 (Fed. Cir. Oct. 29, 2018). But the Federal Circuit's denial was on purely procedural grounds—it expressly declined to reach the merits of this Court's order and the issue of whether GGC servers constitute a "regular and established place of business." *In re Google LLC*, 2018 WL 5536478, at *2.

Moreover, both before and after this Court's decision, other courts in the Fifth Circuit have reached the opposite conclusion. Before this Court's decision, Judge Clark found GGC servers to

be "hardware" or "electronic equipment," not "places" as required under the venue statute and thus insufficient to establish venue as to Google in this District. *Personal Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 934 (E.D. Tex. 2017). After this Court's decision in *SEVEN* and the Federal Circuit's subsequent mandamus decision, the Northern District of Texas noted the conflict in this District between *SEVEN* and *Personal Audio* and agreed with Judge Clark, finding that computer servers are not a "regular and established place of business." Ex. A, *CUPP Cybersecurity, LLC, v. Symantec Corp.*, C.A. No. 3:18-CV-01554, D.I. 53 at *6 (N.D. Tex. Dec. 21, 2018). Accordingly, Google respectfully moves to dismiss this action for improper venue.

## II. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT (L.R. CV-7(A)(1))

Whether this action should be dismissed under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a) for improper venue as to Google in this District.

## III. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

### A. SIT's Complaint, Parallel Actions, And The *SEVEN* Appeal

SIT filed its Complaint initiating this action on November 2, 2018, alleging infringement of three patents: U.S. Patent Nos. 6,463,092 ("'092 Patent"); 7,158,593 ("'593 Patent"); 7,627,044 ("'044 Patent") (collectively "Patents-in-Suit"). D.I. 1. SIT alleges that Google infringes because its Pixel smartphones include processor and memory chips that comply with industry standards published by the JEDEC and MIPI standards organizations. *Id.* at ¶¶15-17, 30-32, 44-46.

SIT's action against Google is one of seven pending actions that SIT filed on November 2. Four of the actions are pending in Delaware before Judge Connolly, and another is in the Northern District of Texas before Judge Lynn. All seven actions, listed below, allege infringement of the same three Patents-in-Suit based on the same theory that each defendant's products include processor and memory chips that comply with the same JEDEC and MIPI standards.

1. *Super Interconnect Techs. LLC v. Lenovo Group Ltd.*, No. 1:18-cv-01729 (D. Del.)

2. *Super Interconnect Techs. LLC v. Motorola Mobility, LLC*, No. 1:18-cv-01730 (D. Del.)

3. *Super Interconnect Techs. LLC v. Sony Corp.*, No. 1:18-cv-01731 (D. Del.)

4. *Super Interconnect Techs. LLC v. HP Inc.*, No. 1:19-cv-00169 (D. Del.)[1]

5. *Super Interconnect Techs. LLC v. ZTE Corp.*, No. 3:18-cv-02932 (N.D. Tex.)

6. *Super Interconnect Techs. LLC v. Huawei Device Co.*, No. 2:18-cv-00462 (E.D. Tex.)

7. *Super Interconnect Techs. LLC v. Google LLC*, No. 2:18-cv-00463 (E.D. Tex.) (this action)

In its Complaint in this action, SIT's sole basis for alleging venue is Google's GGC servers located in this District and the Federal Circuit's decision denying Google's mandamus petition challenging this Court's decision in *SEVEN*. *Id*. at ¶5.

But in denying mandamus relief, the Federal Circuit did not affirm this Court's order or otherwise find venue proper based on the GGC servers. Instead, the Federal Circuit expressly declined to reach the merits of the issue because, in its view, whether GGC servers constitute a "regular and established place of business" did not rise to the level of a "special circumstance[] justifying mandamus review of certain basic, unsettled, recurring legal issues over which there is considerable litigation producing disparate results." *In re Google LLC*, 2018 WL 5536478, at *2. The Federal Circuit concluded that it would let the issue of whether GGC servers constitute a "regular and established place of business" "percolate in the district courts so as to more clearly

---

[1] On November 2, 2018, SIT filed an action against HP, Inc. in the District of Delaware, but then voluntarily dismissed that action the same day. *Super Interconnect Techs. LLC v. HP Inc.*, No. 1:18-cv-01728 (D. Del.). On January 29, 2019, SIT re-filed the action against HP in Delaware, and the action is now pending before Judge Connolly.

3

define the importance, scope, and nature of the issue for us to review." *Id.* at *3. The Federal Circuit also did not decide the separate issue of whether there must be a "relationship between the 'regular and established place of business' requirement and the 'acts of infringement' requirement" in § 1400(b), because that issue, while unsettled, was "insufficient to show a 'clear and indisputable' right to support mandamus." *Id.*

The Federal Circuit's denial was not unanimous. Judge Reyna filed a dissenting opinion, stating that "Google and *amici* have raised significant questions as to whether the district court's ruling disregards" the venue standards set forth in *Cray*, and "[i]t seems to me that under *Cray*, Google's servers or the server racks on which the servers are kept may not constitute a 'regular and established place of business.'" *Id.* at *5. Judge Reyna also highlighted the "far-reaching implications of the district court's ruling," under which "a company could potentially become subject to venue in any judicial district in which a physical object belonging to the company was located." *Id.* at *6.

### B. Google And The GGC Servers

Google's briefing before the Federal Circuit and this Court in *SEVEN* presented a number of undisputed facts about Google and the GGC servers. These facts were unchanged at the time when SIT filed its Complaint on November 2 and are summarized below.

Google is a Delaware corporation founded in Mountain View, California and has been headquartered there since 2004. Durbin Decl. ¶¶4-5. When SIT filed its Complaint: (1) Google did not (and still does not) own or lease any office space, retail space, or other real property in the Eastern District of Texas; (2) Google had (and has) no employees who work at any Google offices in this District; and (3) Google's only Texas offices were (and are) located in Austin, San Antonio and Dallas (Addison), cities outside this District. Lim Decl. ¶¶3-4; Durbin Decl. ¶6.

4

The GGC servers, meanwhile, are just one part of a tiered network of computer infrastructure that Google uses to deliver content to Internet users. The core of this network is Google's data centers, which provide computation and backend storage. McCallion Decl. ¶3. There are a handful of Google data centers in the U.S., none of which are in Texas. *Id.*; Lim Decl. ¶5. The next tier of Google's network infrastructure is known as "Edge Points of Presence" ("PoPs"), which connect Google's network to the rest of the Internet. McCallion Decl. ¶4. Google has no PoPs in the Eastern District of Texas. *Id.*

The last tier of the network is the GGC servers or "edge nodes." *Id.* ¶5. GGC servers are computers hosted at the facilities of local Internet Service Providers ("ISP"). *Id.* ¶6. Copies of certain digital content (e.g., videos) popular with the ISP's subscribers can be temporarily stored or "cached" on those GGC servers. *Id.* GGC servers and their caching function are not necessary for the delivery of Google content to users; instead, caching merely allows for faster delivery of popular content. *Id.*

GGC servers are computers manufactured and shipped to ISPs by third parties. *Id.* ¶¶6, 8. After receiving the GGC servers, the ISP unpacks, locates, installs, and hosts them in its own facility. *Id.* ¶8. Google does not own, lease, or control the space where the servers are kept. *Id.* ¶9. No Google employee has ever seen or visited the servers in this District. *Id.* ▊▊▊▊

▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊

### IV.   VENUE IS NOT PROPER IN THE EASTERN DISTRICT OF TEXAS

"[U]pon motion by the Defendant challenging venue in a patent case, the Plaintiff bears the burden of establishing proper venue." *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). In a patent case, venue lies only "[1] in the judicial district where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place

of business." 28 U.S.C. § 1400(b). SIT cannot meet its burden in establishing proper venue over Google in this District under either prong of § 1400(b).

### A. Google Does Not Reside In This District

A domestic corporate defendant, like Google, "resides" only in its state of incorporation. *TC Heartland*, 137 S. Ct. at 1521. Venue is assessed as of the time of filing of the complaint. *E.g., Raytheon Co. v. Cray, Inc.*, 258 F. Supp. 3d 781, 787 (E.D. Tex. 2017). When this action was filed and now, Google was incorporated in Delaware. Durbin Decl. ¶5. Thus, Google's residence cannot provide a basis for venue in this District.

### B. SIT Cannot Show that Google Has A "Regular And Established Place of Business" In This District Under *Cray*'s Three Factor Test

In *Cray,* the Federal Circuit set forth three factors that must be satisfied for a defendant to be deemed to have a regular and established place of business: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." 871 F.3d at 1360. The *only* connection between Google and this District that SIT points to is the GGC servers. But the GGC servers do not qualify as "regular and established places of business" under *Cray*'s three-factor test.

#### 1. *Cray* Factor 1: GGC Servers Are Not "Physical Places Of Business"

A GGC server is not a "physical place of business," such as "a building or a part of a building," but is instead a piece of hardware or equipment. Ex. B, *BMC Software, Inc. v. Cherwell Software, LLC*, No. 1:17-cv-1074, D.I. 55 at 4 (E.D. Va. Dec. 21, 2017) ("Servers are not real property; they are personal property," and thus not places of business for venue). Before this Court's decision in *SEVEN*, Judge Clark in *Personal Audio* found venue improper as to Google in this District. 280 F. Supp. 3d 922. In reaching his conclusion, Judge Clark found GGC servers insufficient to establish venue because they are "'hardware,' the physical electronic equipment

6

used to operate the internet," as opposed to "'places' under the meaning of the statute." *Id*. at 934. Recently—after this Court's decision *SEVEN* and the Federal Circuit's subsequent mandamus denial—Judge Lynn of the Northern District of Texas reached a similar result in *CUPP Cybersecurity*, concluding that a defendant's servers at a third-party's data center in Dallas were not a "regular and established place of business." Ex. A at *6. In so concluding, Judge Lynn considered the conflicting authority between *SEVEN* and *Personal Audio* in this District and the Federal Circuit's mandamus decision in *SEVEN*. *Id*. at *4-5. Judge Lynn agreed with *Personal Audio*, citing its reasoning to conclude that "servers are not a building or a part of a building," but instead "are 'hardware,' the physical electronic equipment used to operate the internet or an intranet." *Id*. at *4-6.

Even if the GGC servers could be considered "physical places," they are not "places of business." Servers are pieces of equipment, like slot machines or vending machines, and do not rise to the level of being places of business, such as an office, storefront, or factory where staff work. *HomeBingo Network, Inc. v. Chayevsky*, 428 F. Supp. 2d 1232, 1250 (S.D. Ala. 2006) ("That an individual may be a part owner of a piece of equipment (in this case, a slot machine) located in a judicial district does not render the situs of that equipment his regular and established place of business for venue purposes."); *Magee v. Coca-Cola Refreshments USA, Inc.*, 833 F.3d 530, 534 (5th Cir. 2016) (finding that "vending machines are not 'sales establishments,'" and defining "establishment" as "a place of business or residence with its furnishings and staff") (internal quotations omitted). As the court in *Personal Audio* found:

> To conclude that Google's business was being carried out by these servers would have far-reaching consequences that distort the scope of the statute; for example, every single AT&T tower would then possibly become a place of business for AT&T. Maybe even every handheld device sold by Verizon would become a place of business for Verizon because the end-user signed an agreement with Verizon regarding Verizon's exclusive control of the device.

7

280 F. Supp. 3d at 934. Judge Lynn in *CUPP Cybersecurity* similarly concluded that servers, which handle internet "traffic," "are not places from which [defendant] conducts its business." Ex. A at *6.

In *SEVEN*, this Court likened Google's GGC servers to warehouses. 315 F. Supp. 3d at 948. But unlike the GGC servers, a warehouse is real property staffed by employees of the business. A closer analogy for a GGC server, which temporarily "caches" popular content for users, would be a storage locker. But courts have found storage lockers do not qualify as places of business for purposes of venue. *Regents of Univ. of Minn. v. Gilead Scis., Inc.*, 299 F. Supp. 3d 1034, 1043 (D. Minn. 2017) ("The Court is not persuaded that these relatively small storage lockers . . . constitute a sufficiently regular and established physical foothold of Gilead in Minnesota."); *CDx Diagnostic, Inc. v. U.S. Endoscopy Grp., Inc.*, No. 13-CV-5669(NSR), 2018 WL 2388534, at *3 (S.D.N.Y. May 24, 2018) (storage units were not a "place of business" under Section 1400(b) because "no employee or agent of Defendant actually conducts business at the storage units") (internal quotations omitted).

### 2. *Cray* Factor 2: GGC Servers Are Not "Regular And Established"

As the Federal Circuit explained in *Cray*, a "regular and established" place must be "'settle[d] certainly, or fix[ed] permanently.'" 871 F.3d at 1363 (quoting Black's Law Dictionary (1st ed. 1891)). ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ The storage of personal property on the shelf of a third party pursuant to an agreement that can be terminated at any time for any reason is not enough to establish that the GGC servers in this District are "fix[ed] permanently." *Cray*, 871 F.3d at 1363

8

### 3. *Cray* Factor 3: GGC Servers Do Not Belong To Google

To satisfy the third factor, the "defendant must establish or ratify the place of business" in question. *Cray*, 871 F.3d at 1363. "Relevant considerations include whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place." *Id.*

Here, the ISPs' facilities where GGC servers are located do not belong to Google, nor does Google lease the facilities. McCallion Decl. ¶9. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Other "[p]otentially relevant inquiries" in assessing the third factor "include whether the defendant lists the alleged place of business on a website, or in a telephone or other directory; or places its name on a sign associated with or on the building itself." *Cray*, 871 F.3d at 1363-64. Google has done none of those things. There is no Google "sign" or other indication on any ISP facility that the facility is affiliated with Google. This consideration confirms that the GGC servers are not a "place of business" of Google and cannot provide a basis for venue.

### C. SIT Cannot Show That Google's Alleged Acts Of Infringement In This District Are Tied To Any "Regular And Established Place Of Business"

The issue of whether § 1400(b)'s two requirements—"acts of infringement" and "regular and established place of business"—must be tied to establish venue has not been decided by the Federal Circuit. Before the Federal Circuit broadened the scope of the venue statute in 1990 in *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed. Cir. 1990), which *TC Heartland* abrogated in 2017, district courts had held that "there must be some reasonable or significant relationship between the accused item and any regular and established place of business

9

of the accused in the judicial district." *Scaramucci v. FMC Corp.*, 258 F. Supp. 598, 602 (W.D. Okla. 1966); *Jeffrey Galion, Inc. v. Joy Mfg. Co.*, 323 F. Supp. 261, 266-67 (N.D. W. Va. 1971). Thus, under these decisions, § 1400(b)'s two requirements must be tied to establish venue.

Here, SIT's accusations bear no relationship to this District or the GGC servers. SIT's Complaint alleges infringement based on features of memory and processor chips that are ***inside*** Pixel smartphones. D.I. 1 at ¶¶12, 27, 42. By contrast, the GGC servers are computers that are part of Google's vast, nationwide network infrastructure and are used to temporarily cache digital web content for delivery to Internet users. Thus, venue is improper in this District for the additional reason that the acts of infringement alleged in SIT's Complaint are not tied or related to any purported "regular and established place of business" of Google as required by § 1400(b).

## V.     CONCLUSION

Because Google does not have a "regular and established place of business" in this District under *TC Heartland* and *Cray*, Google respectfully requests that the Court dismiss this action for improper venue.

DATED: February 4, 2019     By:  */s/ J. Mark Mann*
        J. Mark Mann
        State Bar No. 12926150
        G. Blake Thompson
        State Bar No. 24042033
        **MANN | TINDEL | THOMPSON**
        300 West Main Street
        Henderson, Texas 75652
        (903) 657-8540
        (903) 657-6003 (fax)

        Darin W. Snyder *(Pro Hac Vice)*
        dsnyder@omm.com
        Luann L. Simmons *(Pro Hac Vice)*
        lsimmons@omm.com
        David S. Almeling *(Pro Hac Vice)*
        dalmeling@omm.com
        Mark Liang *(Pro Hac Vice)*
        mliang@omm.com
        Boris Mindzak *(Pro Hac Vice)*
        bmindzak@omm.com
        Eric Su *(Pro Hac Vice)*
        esu@omm.com
        **O'MELVENY & MYERS LLP**
        Two Embarcadero Center, 28th Floor
        San Francisco, California 94111-3823
        Tel: (415) 984-8700
        Fax: (415) 984-8701

        *Attorneys for Defendant Google LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document on 4th day of February, 2019.

/s/  J. Mark Mann
**J. Mark Mann**

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the foregoing document is being filed under seal pursuant to Local Rule CV-5(a)(7)(C) which requires that a Motion to Seal be filed immediately prior hereto.

/s/ Mark Liang
**Mark Liang**