# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| SUPER INTERCONNECT TECHNOLOGIES LLC, | § § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. 2:18-CV-00463-JRG (MEMBER CASE) |
| v. | § § | |
| GOOGLE LLC, | § § | CIVIL ACTION NO. 2:18-CV-00462-JRG (LEAD CASE) |
| *Defendant*. | § § | |

## MEMORANDUM OPINION AND ORDER

On November 2, 2018, Plaintiff Super Interconnect Technologies, LLC ("SIT") sued Defendant Google, LLC ("Google") for patent infringement in this District. (Dkt. No. 1.)[1] Google moves to dismiss the complaint for improper venue under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406 (the "Motion"). (Dkt. No. 13.) Having considered the Motion, briefing, and relevant authorities, the Court **DENIES** the Motion for the reasons discussed herein.

"Any civil action for patent infringement may be brought in any judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). SIT alleges that venue is proper under the second prong of § 1400(b):

> 5. Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because Google has committed acts of infringement in the District and has a regular and established place of business in this District. On information and belief, multiple ISPs host Google Global Cache servers in this District, which cache Google's products and deliver them to residents of this District. These Google Global Cache servers cache content that includes video advertising, apps, and digital content from the Google Play store, among other things. Google generates revenue by providing

---

[1] Unless otherwise noted, all docket citations are to *Super Interconnect Technologies, LLC v. Google, LLC*, No. 2:18-cv-00463 (E.D. Tex.).

1

these services to residents of this District. Both the server itself and the place of the Google Global Cache server, independently and together, constitute a "physical place" and a "regular and established place of business" of Google. The Federal Circuit very recently denied mandamus to Google where it challenged this Court's ruling that venue was proper over it under 28 U.S.C. § 1400(b). *See In re Google LLC*, No. 2018-152, 2018 WL 5536478 (Fed. Cir. Oct. 29, 2018).

(Dkt. No. 1 ¶ 5.)

Google argues that its Google Global Cache ("GGC") servers do not qualify as a "regular and established place of business" under the Federal Circuit's three-part test in *In re Cray*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). (Dkt. No. 13 at 6–10.) Google acknowledges that this Court previously found venue under identical facts in *SEVEN Networks, LLC v. Google LLC*, 315 F. Supp. 3d 933 (E.D. Tex. 2018). (*Id.* at 1.) Google does not dispute any of these underlying facts, but instead urges the same legal arguments that this Court denied in *SEVEN*. (*Id.* at 4 (noting that the facts before the Court in *SEVEN* have remained unchanged and are still undisputed).) The Court sees no reason to depart from its prior decision and finds that venue in this case is proper for the same reasons outlined in *SEVEN*. Accordingly, Google's Motion to Dismiss for Improper Venue Under Rule 12(b)(3) and 28 U.S.C. § 1406 (Dkt. No. 13) is denied.[2]

In addressing Google's Motion, the Court believes it appropriate to briefly discuss certain aspects of its holding in *SEVEN*, particularly its future implications, as raised in Judge Reyna's dissent in *In re Google*, No. 2018-152, 2018 WL 5536478 (Oct. 29, 2018). His dissent opines that

---

[2] Google explains that in *Personal Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 934 (E.D. Tex. 2017), Judge Clark held that Google's GGC servers are not a "regular and established place of business" under § 1400(b). (Dkt. No. 13 at 1–2.) Google argues that "[a]fter this Court's decision in *SEVEN* and the Federal Circuit's subsequent mandamus decision, the Northern District of Texas noted the conflict in this District between *SEVEN* and *Personal Audio* and agreed with Judge Clark." (*Id.* at 2 (citing *CUPP Cybersecurity, LLC, v. Symantec Corp.*, No. 3:18-cv-01554, Dkt. No. 53 at 6 (N.D. Tex. Dec. 21, 2018).) The Court disagrees with the legal analysis in *CUPP* for the same reasons it declined to follow *Personal Audio* in *SEVEN*. *See SEVEN*, 315 F. Supp.3d at 950–54, 956, 965–66.

2

the Court's "current reading of § 1400(b) suggests that merely owning and controlling computer hardware (i.e., servers) that is involved in some company business is sufficient" to confer venue. *Google*, 2018 WL 5536478, at *5. He also read this Court's decision as implying that "a company could potentially become subject to venue in any judicial district in which a physical object belonging to the company was located." *Id.* at *6.

By its holding in *SEVEN*, the Court neither intends nor approves the view that venue is proper everywhere. As the Federal Circuit noted in *Cray* and as this Court reiterated in *SEVEN*, the venue analysis under § 1400(b) must hew closely to the language of the statute. *Cray*, 871 F.3d at 1362; *SEVEN*, 315 F. Supp. 3d at 939. The Federal Circuit also explained that whether venue is proper will depend on the unique facts of each case, in which "no precise rule has been laid down." *Cray*, 871 F. 3d at 1362. In *SEVEN*, the Court's venue analysis was grounded largely on the fact that (1) Google's business is delivering online content to users, and (2) the GGC servers are a part of Google's three-tiered network that conducts this very activity. *SEVEN*, 315 F. Supp. 3d at 947. (*See* Dkt. No. 13-6 (Declaration of Keith McCallion on behalf of Google).) That is, it is the *specific nature of Google's business* and the *particular facts of this case* that lead the Court to conclude that the GGC servers are a "regular and established place *of* business" of Google. By holding such, the Court does not intend that venue is proper in any judicial district where a defendant owns, controls, or otherwise has a connection to a piece of property, real or personal, that is related to the defendant's business. Rather, the specific and fact-based nature, extent, and type of business will inform whether a particular place in a district qualifies as a "regular and established place of business" of the defendant. *See Cray*, 871 F. 3d at 1364 ("A further consideration for this requirement might be the nature and activity of the alleged place of business of the defendant in the district in comparison with that of other places of business of the defendant

3

in other venues. Such a comparison might reveal that the alleged place of business is not really a place of business at all."). It was with a careful view toward the discovery-based evidentiary facts in that particular situation, coupled with the specific parameters of *Cray* in mind, that the Court reached its conclusions in *SEVEN*. Given the present case, which is on all fours with the facts in *SEVEN*, the Court denies the Motion.

**So Ordered this**
**Aug 7, 2019**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE