# EXHIBIT 6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SUPER INTERCONNECT TECHNOLOGIES LLC, § § § *Plaintiff*, § § v. § § HUAWEI DEVICE CO. LTD., HUAWEI § DEVICE USA, INC., HUAWEI DEVICE § (SHENZHEN) CO., LTD., HUAWEI § DEVICE (DONGGUAN) CO., LTD., § § GOOGLE LLC, § § *Defendants*. § | **CIVIL ACTION NO. 2:18-CV-00462-JRG (LEAD CASE)**<br><br><br>**CIVIL ACTION NO. 2:18-CV-00463-JRG (MEMBER CASE)** |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Super Interconnect Technologies, LLC's ("SIT") Motion for Leave to Amend Under 28 U.S.C. § 1653, or, in the Alternative, Under Federal Rules of Civil Procedure 15(A) and 16(B) (the "Motion"). (Lead Case No. 2:18-CV-00462, Dkt. No. 107). Having considered the Motion, the Court finds that it should be **DENIED**.

## I.    BACKGROUND

On November 2, 2018, SIT filed its Original Complaint against Defendant Google, LLC ("Google"), which alleged that venue was proper in this District pursuant to 28 U.S.C. § 1400(b). (Member Case No. 2:18-CV-00463, Dkt. No. 1 ¶ 5). Relying on *SEVEN Networks, LLC v. Google LLC*,[1] SIT alleged that Google Cache Servers located in this District were a regular and established place of business both in its Original Complaint (*id.*) and its Amended Complaint (Lead Case No. 2:18-CV-00462, Dkt. No. 53 ¶ 5). (Lead Case No. 2:18-CV-00463, Dkt. No. 107 at 2). Google

---

[1] 315 F. Supp. 3d 933 (E.D. Tex. 2018), *mandamus denied*, *In re Google LLC*, No. 18-152, 2018 WL 5536478 (Fed. Cir. Oct. 29, 2018).

filed a Motion to Dismiss for Improper Venue Under Rule 12(b)(3) and 28 U.S.C. § 1406. (Member Case No. 2:18-CV-00463, Dkt. No. 13). On August 7, 2019, Court denied Google's Motion. (Member Case No. 2:18-CV-00463, Dkt. No. 29). On September 18, 2019, Google filed a petition for a writ of mandamus at the Federal Circuit, requesting a mandate directing this Court to dismiss for improper venue. *In re Google LLC*, No. 19-126, Dkt. 2-1 at 32 (Fed. Cir. 2019). On February 13, 2020, a Federal Circuit panel concluded that this District "was not a proper venue because Google lacked a 'regular and established place of business' within the district since it has no employee or agent regularly conducting its business at its alleged 'place of business' within the district" and directed this Court to dismiss or transfer this case as appropriate under 28 U.S.C. § 1406(a). *In re Google LLC*, 949 F.3d 1338, 1347 (Fed. Cir. 2020).

The Court stayed this case on February 18, 2020 and continued the stay on March 17, 2020 pending a decision from the Federal Circuit on rehearing. (*See* Dkt. Nos. 102, 104). The Court ordered the parties to file a joint status report following any decision on rehearing. (Dkt. No. 104 at 1). The Federal Circuit denied SIT's petition for rehearing on May 15, 2020. *In re Google LLC*, No. 19-126, Dkt. No. 50 (Fed. Cir. 2020).

On January 4, 2021,[2] SIT and Google filed a Joint Status Report (Dkt. No. 106) and SIT filed the instant Motion (Dkt. No. 107). In the Motion, SIT requests that in lieu of transfer or dismissal it be permitted to file an amended complaint containing alternative venue allegations in light of *In re Google LLC*, 823 Fed. App'x. 982 (Fed. Cir. 2020). (Dkt. No. 107).

---

[2] Despite the Court's Order requiring the parties to file a status report following the Federal Circuit's decision on rehearing, it was not until several months after the Federal Circuit's decision, and at the Court's direct prompting, that the parties eventually filed such a report; albeit several months late.

2

## II. LEGAL STANDARD

A district court "has no power or authority to deviate from the mandate issued by an appellate court." *Briggs v. Penn. R. Co.*, 334 U.S. 304, 306 (1948). "The inferior court is bound by the decree as the law of the case; and must carry it into execution, according to the mandate." *Sibbald v. United States*, 37 U.S. 488, 492 (1838). "[B]oth the letter and the spirit of the mandate must be considered." *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1383 (Fed. Cir. 1999) (internal citations omitted). "[O]n remand the district court 'must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court.'" *General Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007) (internal citations omitted).

## III. DISCUSSION

SIT argues: (1) the Federal Circuit's order of mandamus does not preclude SIT from seeking leave to amend its complaint; (2) the Court should grant leave to amend under 28 U.S.C. § 1653; and (3) the Court should grant leave to amend under Federal Rules of Civil Procedure 15(a) and 16(b). (*See* Dkt. No. 107). In response, Google argues that the Federal Circuit's mandate requires transfer or dismissal, SIT's arguments do not override such mandate, and that SIT's proposed amendment is untimely. (*See* Dkt. No. 108).

In certain circumstances, defective venue allegations may be cured by amendment to the pleadings. Rule 15(a) provides that "leave (to amend the complaint) shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); see also *Griggs v. Hinds Junior College*, 563 F.2d 179 (5th Cir. 1977). The Court further notes that Rule 16(b) allows the Court to modify the deadline to amend pleadings if good cause is shown. Fed. R. Civ. P. 16(b).

SIT raises the potential use of 28 U.S.C. § 1653 as grounds for amendment. 28 U.S.C. § 1653 permits amendment to cure "defective allegations of jurisdiction." SIT cites *Moore v. Coats Co.*, in which the Third Circuit permitted amendment under § 1653 to cure defective venue allegations. (Dkt. No. 107 at 7) (270 F.2d 410 (3d Cir. 1959)). However, § 1653 is typically used to correct purely jurisdictional allegations, such as a lack of diversity of citizenship jurisdiction. *See, e.g., Whitmire v. Victus Ltd.*, 212 F.3d 885 (5th Cir. 2000).

Notwithstanding the above, the Court is ultimately bound by the Federal Circuit's order directing it to dismiss or transfer the case pursuant to 28 U.S.C. § 1406(a). *In re Google LLC*, 949 F.3d at 1347. The Court finds that dismissal without prejudice is appropriate here.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the Motion should be and hereby is **DENIED**. It is **ORDERED** that all claims in the above-captioned cases are **DISMISSED WITHOUT PREJUDICE**. The Clerk of the Court is directed to **CLOSE** Member Case No. 2:18-CV-00463.[4]

**So ORDERED and SIGNED this 12th day of March, 2021.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[3] A dismissal for improper venue must be without prejudice to re-filing in an "appropriate district." *Lowery v. Estelle*, 533 F.2d 265, 267 (5th Cir. 1976).
[4] Lead Case No. 2:18-CV-00462 was previously closed. (Dkt. No. 88).