# EXHIBIT 8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **SUPER INTERCONNECT TECHNOLOGIES LLC,** § § § | |
| Plaintiff, § | |
| § | **JURY TRIAL DEMANDED** |
| v. § | |
| § | **CIVIL ACTION NO. 2:18-cv-00462** |
| **HUAWEI DEVICE (SHENZHEN) CO., LTD., HUAWEI DEVICE (DONGGUAN) CO., LTD.,** and **HUAWEI DEVICE USA, INC.,** § § § § | **(LEAD CASE)** 2:18-cv-00463 |
| Defendants. | |

## PLAINTIFF'S NOTICE OF SUBPOENA TO QUALCOMM INC. TO PRODUCE DOCUMENTS AND TESTIFY IN A DEPOSITION

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Super Interconnect LLC requests the deposition testimony of and document production from Qualcomm Inc. pursuant to the subpoena attached as Exhibit 1. The topics of the deposition testimony and the requests for production are described in Appendix A of the subpoena. The deposition shall take place at 9:00 a.m. on July 12, 2019, at DAVINCI, Rancho Bernardo Business Center, 11440 West Bernardo Court, San Diego, CA 92127 or at a location to be mutually agreed upon. If that date is unavailable for Qualcomm Inc., Plaintiff will make all reasonable attempts to accommodate a more convenient date.

DATED: June 17, 2019    Respectfully submitted,

/s/ T. William Kennedy Jr.
Jeffrey R. Bragalone
State Bar No. 02855775
T. William Kennedy Jr.
State Bar No. 24055771
**BRAGALONE CONROY P.C.**
Chase Tower
2200 Ross Ave., Suite 4500W
Dallas, Texas 75201
214-785-6670 Telephone
214-785-6680 Facsimile
jbragalone@bcpc-law.com
bkennedy@bcpc-law.com


OF COUNSEL:
Wesley Hill
State Bar No. 24032294
Ward, Smith & Hill, PLLC
PO Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
wh@wsfirm.com


*Attorneys for Plaintiff*
**SUPER INTERCONNECT
TECHNOLOGIES LLC**

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record are being served with a true and correct copy of the foregoing document via electronic mail on this 17th day of June, 2019.

                                      */s/ T. William Kennedy*

# EXHIBIT 1

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

| | |
|---|---|
| SUPER INTERCONNECT TECHNOLOGIES LLC ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No.  2:18-cv-00462 (LEAD CASE) |
| Huawei Device Co. Ltd., et al ) | |
| ) | 2:18-cv00463 |
| *Defendant* ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:    QUALCOMM INCORPORATED,  C/O PRENTICE HALL CORP SYSTEM, 211 E. 7TH STREET, SUITE 620, AUSTIN, TEXAS 78701-3218

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: DAVINCI, Rancho Bernardo Business Center, 11440 West Bernardo Court, San Diego, CA 92127 (OR OTHER MUTUALLY AGREED UPON LOCATION) | Date and Time: 07/12/2019 9:00 am |
|---|---|

The deposition will be recorded by this method:   STENOGRAPHICALLY, VIDEOTAPE AND REALTIME

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: SEE ATTACHMENT A ATTACHED HERETO.  DOCUMENTS DUE 7/8/2019 TO BKENNEDY@BCPC-LAW.COM

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/17/2019

| *CLERK OF COURT* | OR | /s/T. WILLIAM KENNEDY |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   SUPER INTERCONNECT TECHNOLOGIES LLC    , who issues or requests this subpoena, are:
T. WILLIAM KENNEDY, BRAGALONE CONROY PC, 2200 ROSS AVENUE, SUITE 4500W, DALLAS, TEXAS 75201
(214) 785-6670 BKENNEDY@BCPC-LAW.COM

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:18-cv-00462 (LEAD CASE)

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

# DEFINITIONS

1.  The term "you," "your," and "Qualcomm" refers to Qualcomm Incorporated, including all of its corporate locations, and all predecessors, subsidiaries, parents and affiliates, foreign and domestic, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with it, and others acting on its behalf.

2.  The term "SIT" and/or "plaintiff" means Super Interconnect Technologies LLC, including all of its corporate locations, and all predecessors, subsidiaries, parents and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with it, and others acting on its behalf.

3.  The term "Google" refers to Google LLC, including all of its corporate locations, and all predecessors, subsidiaries, parents and affiliates, foreign and domestic, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with it, and others acting on its behalf.

4.  The term "Huawei" refers to Huawei Device Co. Ltd., Huawei Device (Hong Kong) Co., Ltd. and Huawei Device USA, Inc., collectively and separately, including all of their corporate locations, and all predecessors, subsidiaries, parents and affiliates, foreign and domestic, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with them, and others acting on their behalf.

5.  The "Defendants" include Google and Huawei, separately and collectively.

6. The term "Litigations" means any and all of the civil actions styled *Super Interconnect Technologies LLC v. Google LLC.*, No. 2:18-CV-463 and *Super Interconnect Technologies LLC v. Huawei Device Co. Ltd. et al.*, No. 2:18-CV-462, both filed in the Eastern District of Texas on November 2, 2018; *Super Interconnect Technologies LLC v. ZTE Corp. et al.*, No. 3:18-CV-02932, filed in the Northern District of Texas on November 2, 2018; *Super Interconnect Technologies LLC v. Lenovo Group Ltd. et al.*, No. 1:18-CV-01729, *Super Interconnect Technologies LLC v. Motorola Mobility LLC*, No. 1:18-CV-01730, *Super Interconnect Technologies LLC v. Sony Corp. et al.*, No. 1:18-CV-01731, all filed in the District of Delaware on November 2, 2018; and *Super Interconnect Technologies LLC v. HP Inc.*, No. 1:19-CV-00169, filed in the District of Delaware on January 29, 2019.

7. The term "UFS" means Universal Flash Storage. The term "UFS Standard" means the JEDEC Standard for UFS, including JESD220D and any of its predecessor or successor standards.

8. The term "M-PHY Standard" means the MIPI Alliance Specification for M-PHY Version 4.0 and any of its predecessor or successor standards.

9. The term "Technical Description" means, at a minimum, information sufficient to provide one of ordinary skill in the art an understanding of the details of the technological functions at issue and the components that perform those functions. If a product or component operates in multiple ways, then this definition covers each of the different ways the product operates.

10. The terms "document" or "documents" are used herein in their customary broad sense, and mean any kind of printed, recorded, written, graphic, or photographic matter (including tape recordings), however printed, produced, reproduced, coded or stored, of any kind

or description, whether sent or received or not, including originals, copies, drafts, and both sides thereof, and including papers, books, charts, graphs, photographs, drawings, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, routing slips, intra and inter-office communications, electronic mail, affidavits, statements, opinions, court pleadings, reports, indices, studies, analyses, forecasts, evaluations, contracts, computer printouts, data processing input and output, computer programs, microfilms, microfiche, all other records kept by electronic, photographic, or mechanical means, and things similar to any of the foregoing, regardless of their author or origin, or any kind. The term "document" as used herein is intended to include the broadest possible definition under Federal Rule of Civil Procedure 34.

11. The term "communications" and any derivative of it means any transmission of information between or among two or more persons, by written, oral or any other means, including, without limitation, personal, telephonic, written, email, facsimile, telex, telegram, text messaging, Twitter, Facebook, and any other means.

12. The terms "and" and "or" are terms of inclusion and not of exclusion and are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any information which might be construed to be outside their scope.

13. The singular shall include the plural and vice versa.

14. The term "any" includes "all" and "all" includes "any" and "includes" or "including" means "including, but not limited to."

15. The phrases "related to" or "relating to" mean refer to, concern, mention, reflect, summarize, evidence, involve, describe, discuss, respond to, support, contradict, constitute, or comment on, in whole or in part.

16. The terms "including" means "including without limitation," as appropriate, so as

to bring within the scope of the requests all responses that might otherwise be construed to be outside of its scope. The term "all" means "any and all," as appropriate.

## DEPOSITION TOPICS

**TOPIC NO. 1:**

For each Defendant, the identity and quantity of each processor that You import, make, have made for You, or sell that is able interface with UFS. This includes both past and present acts as well as any future plans.

**TOPIC NO. 2:**

The cost per processor of each processor identified in Topic 1.

**TOPIC NO. 3:**

For all transmissions of signals to UFS memory from each processor responsive to Topic 1, each step, in order, of encoding, modulating, multiplexing, serializing, de-serializing, or any other processing of data, control, and/or clock signals performed before and during transmission of the signals and the identity of each component that performs that step. And the same for the reverse direction of transmission of signals, *i.e.*, from UFS memory to processor.

**TOPIC NO. 4:**

For all transmissions of signals to UFS memory from each processor responsive to Topic 1, the identity of all source signals that contribute to the transmitted signals and how they contribute to the transmitted signals. Examples of source signals include, but are not limited to, the "TX_BitClk," "TX_SymbolClk," "TX_ProtDORDY," "TX_DataNCtrl," "TX_Symbol," and "TX_Burst" signals shown in Figure 66 (M-TX Signal Interfaces Diagram) in the M-PHY Specification. And the same for the reverse direction of transmission of signals, *i.e.*, from UFS memory to processor.

**TOPIC NO. 5:**

All communications with the Defendant(s) relating to the Litigations.

**TOPIC NO. 6:**

Any indemnity agreements with the Defendants relating to the Litigations.

**TOPIC NO. 7:**

All communications with Defendants relating to compliance with either the UFS Standard or the M-PHY Standard.

**TOPIC NO. 8:**

The efforts undertaken by You to ensure that the processors responsive to Topic 1 comply with the UFS Standard and the M-PHY Standard.

**TOPIC NO. 9:**

All documents discussing or promoting that the processors relevant to Topic 1 can interface with or support UFS memory.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

For each Defendant, documents sufficient to identify each processor and its quantity that You import, make, have made for You, or sell that is able interface with UFS. This includes both past and present acts as well as any future plans.

**REQUEST NO. 2:**

Documents sufficient to show the cost per processor of each processor identified in Request No. 1.

**REQUEST NO. 3:**

For all transmissions of signals to UFS memory from each processor responsive to Request No. 1, documents sufficient to provide a Technical Description, in order, of each step of encoding, modulating, multiplexing, serializing, de-serializing, or any other processing of data, control, and/or clock signals performed before and during transmission of the signals and sufficient to identify each component that performs that step. And the same for the reverse direction of transmission of signals, *i.e.*, from UFS memory to processor.

**REQUEST NO. 4:**

For all transmissions of signals to UFS memory from each processor responsive to Request No. 1, documents sufficient to identify all source signals that contribute to the transmitted signals and sufficient to provide a Technical Description of how they contribute to the transmitted signals. Examples of source signals include, but are not limited to, the "TX_BitClk," "TX_SymbolClk," "TX_ProtDORDY," "TX_DataNCtrl," "TX_Symbol," and "TX_Burst" signals shown in Figure

66 (M-TX Signal Interfaces Diagram) in the M-PHY Specification. And the same for the reverse direction of transmission of signals, *i.e.*, from UFS memory to processor.

**REQUEST NO. 5:**

All communications with the Defendant(s) relating to the Litigations.

**REQUEST NO. 6:**

Any indemnity agreements with the Defendants relating to the Litigations.

**REQUEST NO. 7:**

All communications with Defendants relating to compliance with either the UFS Standard or the M-PHY Standard.

**REQUEST NO. 8:**

Any documents demonstrating the efforts undertaken by You to ensure that the processors relevant to Request No. 1 comply with the UFS Standard and the M-PHY Standard.

**REQUEST NO. 9:**

All documents discussing or promoting that the processors relevant to Request No. 1 can interface with or support UFS memory.