# EXHIBIT 34

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

| | |
|---|---|
| Super Interconnect Technologies LLC ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 2:18-CV-00462-JRG |
| Huawei Device Co. Ltd. et al ) | |
| *Defendant* ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:   Lattice Semiconductor Corporation
(c/o Corporation Service Co., 1127 Broadway St., Suite 310, Salem, OR 87301)
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Attachment A

| Place: LNS Court Reporting c/o Veritext<br>520 SW Yamhill Street Suite 444<br>Portland, OR 97204 | Date and Time:<br>08/12/2019 9:00 am |
|---|---|

The deposition will be recorded by this method:  _____

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  06/28/2019

CLERK OF COURT
                                                         OR
                                                                              /s/ Mark Liang
_____                  _____
*Signature of Clerk or Deputy Clerk*                            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Google LLC , who issues or requests this subpoena, are:
Mark Liang, Two Embarcadero Center, San Francisco, CA 94111; mliang@omm.com; (415) 984-8700

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:18-CV-00462-JRG

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

# ATTACHMENT A

# DEFINITIONS AND INSTRUCTIONS

**Definitions:**

1. "Lattice Semiconductor," "You," "Your," or "witness" shall refer to Lattice Semiconductor Corporation, any predecessor or successor of Lattice Semiconductor Corporation (including Invecas and Silicon Image), and any past or present parent, division, subsidiary, affiliate, joint venture, associated organization, director, officer, agent, employee, consultant, staff member, associate, partner, or other representative of Lattice Semiconductor Corporation.

2. "Invecas" shall refer to Invecas, Inc., any predecessor or successor of Invecas, Inc. (including Lattice Semiconductor and Silicon Image), and any past or present parent, division, subsidiary, affiliate, joint venture, associated organization, director, officer, agent, employee, consultant, staff member, associate, partner, or other representative of Invecas, Inc.

3. As used herein, "Silicon Image" shall refer to Silicon Image, Inc., any predecessor or successor of Silicon Image, Inc. (including Invecas and Lattice Semiconductor), and any past or present parent, division, subsidiary, affiliate, joint venture, associated organization, director, officer, agent, employee, consultant, staff member, associate, partner, or other representative of Silicon Image, Inc.

4. As used herein, "Google" means Defendant Google LLC.

5. As used herein, "SIT" or "Plaintiff," means Super Interconnect Technologies LLC and all of its predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents (including Acacia Research Group LLC and Acacia Research Corporation), sisters, divisions, departments, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on its behalf.

6. As used herein, "BCPC" shall refer to the law firm of Bragalone Conroy PC, its predecessors, employees, and anyone acting on behalf of Bragalone Conroy PC.

7. As used herein, "'092 Patent" means U.S. Patent No. 6,463,092. A copy of the '092 Patent is attached as Attachment C.

8. As used herein, "'593 Patent" means U.S. Patent No. 7,158,593. A copy of the '593 Patent is attached as Attachment D.

9. As used herein, "'044 Patent" means U.S. Patent No. 7,627,044. A copy of the '044 Patent is attached as Attachment E.

10. As used herein, "Asserted Patents" means each or all of the '092, '593, and '044 Patents.

11. As used herein, "'092 Provisional" means U.S. Patent Provisional Application No. 60/099,770, to which the '092 Patent claims priority. A copy of the '092 Provisional is attached as Attachment F.

12. As used herein, "'593 Provisional" means U.S. Patent Provisional Application No. 60/276,672, to which the '593 Patent claims priority. A copy of the '593 Provisional is attached as Attachment G.

13. As used herein, the "Provisional Applications" means each or both of the '092 and '593 Provisionals.

14. "Inventors" shall mean any inventors named on the face of the Asserted Patents or Provisional Applications, including without limitation, Gyudong Kim, Min-Kyu Kim, Seung Ho Hwang, Ook Kim, Bruce Kim, Jaeha Kim, Won Jun Choe, Deong-Kyoon Jeong, and Bong-Joon Lee.

15. As used herein, "This Litigation" means the action captioned as *Super Interconnect Technologies LLC v. Google LLC*, 2:18-cv-00463-JRG (E.D. Tex.).

16. As used herein, "Past Litigations" means any past legal proceeding (including federal court litigations, proceedings before the USPTO, and USITC investigations) involving one or more of the Asserted Patents or Provisional Applications. Past Litigations shall include, but are not limited to: (1) Super Interconnect Technologies LLC v. Samsung Electronics Co., Ltd. et al., 2-15-cv-773 (E.D. Tex.); and (2) Super Interconnect Technologies LLC v. HP Inc., 1:18-cv-01728-CFC (D. Del.).

-3-

17. As used herein, "Priority Date" shall mean the earliest date to which a patent or patent application claims priority, whether based on an earlier-filed parent patent application, foreign or international patent application, or provisional application, or based on prior conception or reduction to practice. Specifically, the Priority Date for each of the Asserted Patents is as follows:

    a. The Priority Date for the '092 Patent is September 10, 1998.

    b. The Priority Date for the '593 Patent is March 16, 2001.

    c. The Priority Date for the '044 Patent is October 31, 2005.

18. As used herein, "Prior Art" includes any patent, patent application, printed publication, product, system, process, knowledge, use, sale or offer for sale, or other act or event defined in 35 U.S.C. §§ 102 and 103, taken alone or in combination with other art.

19. As used herein, "Accused Product(s)" means every apparatus, product, device, service, process, method, act, or other instrumentality that Plaintiff contends falls within the scope of any claim of any Asserted Patent, as identified in Plaintiff's Infringement Contentions, and any amendments thereto, and/or any other assertion of infringement.

20. As used herein, "SIT-Silicon Image Assignment" refers to the Patent Assignment Agreement between Silicon Image Inc. and Acacia Research Group LLC regarding, in part, the Asserted Patents (attached as Attachment H), the First Amendment to this Agreement (attached as Attachment I), and the Second Amendment to this Agreement (attached as Attachment J).

21. As used herein, "Prior Assignee" means any entity (including its predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents) who previously was assigned or held rights in any of the Asserted Patents or Provisional Applications. "Prior Assignee" includes but is not limited to the following entities: Invecas, Silicon Image, Jefferies Finance, Inc., Sibeam, Inc., and DVDO, Inc.

22. As used herein, "related" or "relating" to any given subject means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting,

constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to, in any way, the particular subject matter identified.

23. As used herein, "identify" or "identifying" as applied to a document shall mean to specify: (a) the type of the document (i.e., whether it is a letter, memorandum, e-mail, etc.); (b) the document's title and general subject matter; (c) the date the document was prepared, published, sent, served, or filed as appropriate; and (d) the name of each and every author, addressee, distributor, and recipient of the document.

24. As used herein, the term "identify" as applied to an event means to provide a description of the event and the date and location of the event.

25. As used herein, the term "identify" as applied to factual or legal bases means to state in detail each and every fact, and each and every legal proposition or interpretation, upon which a belief or contention is based.

26. As used herein, "communication" means any transmission of information by one or more persons and/or between two or more persons by any means, including telephone conversations, letters, telegrams, teletypes, telecopies, electronic mail, other computer linkups, written memoranda, and face to face conversations.

27. As used herein, "document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and further is used in a broad sense to refer to any electronic information or any tangible object or thing that contains, conveys, or records information, subject to the limitations of any agreements entered into between the parties as part of This Litigation, including the Discovery Order, and Protective Order.

28. As used herein, "person" means any natural person or any business, legal, or governmental entity.

29. As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning.

30. As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning.

31. As used herein, the singular of any word shall include the plural, and the plural shall include the singular.

**Instructions:**

1. One or more representatives may be produced at deposition for one or more topics.

2. For Your convenience, a copy of the Protective Order issued in this action is attached hereto as Attachment B.

3. If in responding to these topics You claim any ambiguity in either a topic or a definition or instruction applicable thereto, identify in advance of the deposition the language You consider ambiguous and state the interpretation You are using in preparing Your witness(es) to testify.

## TOPICS FOR DEPOSITION

Pursuant to Rule 45 and Rule 30(b)(6) of the Federal Rules of Civil Procedure, counsel for Google will take the deposition upon oral examination of Lattice Semiconductor on August 12, 2019, commencing at 9:00 a.m. at the offices of LNS Court Reporting c/o Veritext, 520 SW Yamhill Street, Suite 444, Portland, OR 97204, or at such other time and place as the parties may agree. The deposition will be taken before a notary public or other officer authorized to administer oaths and will be recorded by stenographic, audio and visual means. The stenographic recordation method may provide for the instant visual display of the testimony at deposition. One or more representatives from Lattice Semiconductor should be prepared to discuss the following topics:

**DEPOSITION TOPIC NO. 1:**

Publications, articles, presentations, conference papers, and dissertations that describe, refer to, or relate to the alleged inventions of the Asserted Patents or Provisional Applications.

**DEPOSITION TOPIC NO. 2:**

-6-

The development, conception, and reduction to practice (including any related diligence) of the alleged inventions of the Asserted Patents or Provisional Applications, including any notes, drawings, laboratory notebooks, or prototypes by any person involved in the development, conception, and reduction to practice (including any related diligence),

**DEPOSITION TOPIC NO. 3:**

The design, development, manufacturing, commercial implementation, sale, programming, prototyping, or testing of any of the alleged inventions disclosed in the Asserted Patents or Provisional Applications.

**DEPOSITION TOPIC NO. 4:**

Prior Art, including any patents, publications, products, or prototypes relating to the subject matter of the Asserted Patents or Provisional Applications and that predates the Priority Date of the Asserted Patents.

**DEPOSITION TOPIC NO. 5:**

The first disclosure, display, embodiment, use, or demonstration of any alleged invention disclosed or claimed in the Asserted Patents or Provisional Applications.

**DEPOSITION TOPIC NO. 6:**

Any business, investment, or valuation, including any business or investment plans, involving the Asserted Patents or any of the alleged inventions of the Asserted Patents, including any such business, investment, or valuation acquired from Silicon Image.

**DEPOSITION TOPIC NO. 7:**

Your ownership, interest, rights, or shares in the Asserted Patents, the outcome of any litigation concerning the Asserted Patents, any entity that holds or has held any ownership, interest, rights, or shares in the Asserted Patents, or SIT.

**DEPOSITION TOPIC NO. 8:**

Your involvement in any litigation or patent office proceeding relating to the Asserted Patents, including any Past Litigations.

**DEPOSITION TOPIC NO. 9:**

Any contract, agreement, license, or assignment relating to the Asserted Patents or any of the alleged inventions of the Asserted Patents, whether actual or contemplated, with or to any third party, including the Inventors and SIT.

**DEPOSITION TOPIC NO. 10:**

Lattice Semiconductor's employment of and relationships with any of the Inventors.

**DEPOSITION TOPIC NO. 11:**

Any obligation of Lattice Semiconductor or the Inventors to assist any successor-in-interest (including SIT) in prosecuting, licensing, or enforcing the Asserted Patents.

**DEPOSITION TOPIC NO. 12:**

The individuals involved in the development of the subject matter described or claimed in the Asserted Patents, whether or not an Inventor.

**DEPOSITION TOPIC NO. 13:**

Any communications with SIT (including Acacia Research Group LLC and Acacia Research Corporation) or BCPC regarding any of the Asserted Patents.

**DEPOSITION TOPIC NO. 14:**

Any communications with any Prior Assignee or any representative of any Prior Assignee, including but not limited to Proskauer Rose LLP, regarding any of the Asserted Patents.

**DEPOSITION TOPIC NO. 15:**

Any involvement by You related to JEDEC's UFS standards (including versions of JEDEC Standard No. JESD220) or MIPI Alliance, Inc's standards (including versions of the M-PHY standard).

**DEPOSITION TOPIC NO. 16:**

Any agreements relating to JEDEC or MIPI Alliance, Inc., including but not limited to membership agreements and intellectual property disclosures.

**DEPOSITION TOPIC NO. 17:**

Any documents produced by You in response to the Document Subpoena.

**DEPOSITION TOPIC NO. 18:**

Whether You have inherited the rights and obligations specified under the SIT-Silicon Image Assignment as a result of your acquisition of Silicon Image, and whether those rights and obligations are currently in effect.

**DEPOSITION TOPIC NO. 19:**

Whether any of the "Existing Agreements" identified on page SI_TECH-000721 in attached Attachment I encompass or convey any rights or interests in the Asserted Patents and, if so, the subject matter, terms, and conditions of those agreements.