# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| SUPER INTERCONNECT TECHNOLOGIES LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE LLC,<br><br>　　　　　Defendant. | Civil Action No. 6:21-cv-259-ADA<br><br>JURY TRIAL DEMANDED |

**ORDER GRANTING JOINT MOTION REGARDING
CASE MANAGEMENT AND DISCOVERY INTO NEWLY-RELEASED PRODUCTS**

**BEFORE THE COURT** is the Parties' Joint Motion Regarding Case Management and Discovery Into Newly-Released Products. Having considered the Motion and having found good cause, the Court **GRANTS** the Motion.

It is therefore **ORDERED** as follows:

**I.　ORDER REGARDING CASE MANAGEMENT AND DISCOVERY**

　　1.　All written discovery responses (including initial disclosures, responses to interrogatories, and responses to requests for admission), document productions, and deposition testimony (including transcripts and recordings) from either Party or from a third party that was served, produced, or obtained as part of the case *Super Interconnect Technologies LLC v. Google LLC*, Case No. 2:18-cv-463 (consolidated with No. 2:18-cv-462) (E.D. Tex.) ("E.D. Tex. case") will also be used in the present case as if it had been served, produced, or obtained in this case.

　　2.　Neither Party will rely on the fact that there is a second case to request a second or additional deposition of any Party or witness.

3. There will be no additional fact discovery in this case, except that SIT may request written and document discovery limited to (a) updated financial information for the Pixel products accused in the E.D. Tex. case — Pixel 1, Pixel 1 XL, Pixel 2, Pixel 2 XL, Pixel 3, Pixel 3 XL, Pixel 4, Pixel 4 XL (collectively "Previously Accused Pixel Products"), so long as the updated financial information is the same type as previously provided — and (b) financial information for the Pixel 4a, Pixel 4a 5G, and Pixel 5 products ("Newly Released Pixel Products") released after February 1, 2020, so long as the financial information is the same type that was produced for the products listed in 3(a). There will be no other fact discovery regarding the Newly Released Pixel Products.

4. There will be no claim construction or *Markman* proceedings in this case in light of the provisions regarding claim construction in Section II below.

5. Opening expert reports served in the E.D. Tex. case will also be used in this case as if they had been served and produced in this case. The Parties may serve supplements to the opening expert reports from the E.D. Tex. case, but that supplementation may only address the newly produced information as a result of I.3 above and/or the Order Regarding Newly Released Pixel Products in Section III below.

6. Following the service of the opening expert reports and any supplements thereto, the Parties may serve rebuttal expert reports and complete expert discovery, including depositions of testifying experts.

## II. ORDER REGARDING CLAIM CONSTRUCTION

1. The Parties' rights to appeal the claim construction order from the E.D. Tex. case based on the claim construction record from the prior E.D. Tex. case are preserved.

2. The entire claim construction record from the prior E.D. Tex. case, including the docket-numbered documents listed in Table A below and all exhibits and attachments to same) is

incorporated by reference into the present case record as if the filings were made herein for the purposes of appeal.

**Table A - Incorporated Docket Entries From *Super Interconnect Technologies LLC v. Google LLC*, Case No. 2:18-cv-463 (E.D. Tex.) And Lead Case No. 2:18-cv-462 (E.D. Tex.)**

| E.D. Tex. Case No. | Dkt. No. | Title | Entry Date |
|---|---|---|---|
| 2:18-cv-462 | 47 | P.R. 4-3 Joint Claim Construction And Prehearing Statement | Aug. 14, 2019 |
| 2:18-cv-462 | 59 | Plaintiff Super Interconnect Technologies LLC's Opening *Markman* Brief | Sept. 25, 2019 |
| 2:18-cv-462 | 64 | Defendants' Responsive Claim Construction Brief | Oct. 16, 2019 |
| 2:18-cv-462 | 65 | Sealed Additional Attachments To Dkt. No. 64 Response Claim Construction Brief | Oct. 16, 2019 |
| 2:18-cv-462 | 67 | Plaintiff Super Interconnect Technologies LLC's Reply *Markman* Brief | Oct. 23, 2019 |
| 2:18-cv-462 | 69 | P.R. 4-5(D) Joint Claim Construction Chart | Oct. 30, 2019 |
| 2:18-cv-462 | 73 | Order Of Limited Referral | Nov. 13, 2019 |
| 2:18-cv-462 | 79 | Plaintiff Super Interconnect Technologies LLC's Supplemental Reply *Markman* Brief | Nov. 20, 2019 |
| 2:18-cv-462 | 93 | Claim Construction Memorandum and Order | Jan. 6, 2020 |
| 2:18-cv-462 | 96 | Defendant Google LLC's Objections Pursuant To Rule 72(a) Of The Magistrate Judge's Claim Construction Opinion And Order (Dkt. 93) | Jan. 21, 2020 |
| 2:18-cv-462 | 97 | Order | Jan. 23, 2020 |
| 2:18-cv-462 | 99 | Transcript of Dec. 18, 2019 Claim Construction Hearing Before The Honorable Judge Roy S. Payne United States Magistrate Judge | Feb. 13, 2020 |

3.   The Parties are **ORDERED** to jointly file, under one docket number in the current case and **within seven days of the date of the present Order**, the entire claim construction record from the prior E.D. Tex. case (i.e., all docket-numbered documents listed in Table A above, including all exhibits and attachments filed with the listed documents).

4.   The Court adopts the following claim constructions, consistent with the Claim Construction Memorandum and Order in the E.D. Tex. case (No. 2:18-cv-462 Dkt. 93):

## Disputed Terms And Constructions

| Claim Term | Court's Construction |
|---|---|
| "An apparatus for transmitting a clock signal and data signals over a signal line"<br><br>'092 patent, claim 1 | Preamble limiting |
| "control signal"<br><br>'092 patent, claim 1<br>'044 patent, claims 1, 8, 13 | "a signal, distinct from the data signal, that controls some aspect of recording, processing, transmission, or interpretation" |
| "channel"<br><br>'593 patent, claim 34<br>'044 patent, claims 1, 8, 9, 13, and 19 | "a path along which a signal can be sent toward a receiver or can be received from a transmitter" |
| "direct current balancing control signals"<br><br>'044 patent, claims 1, 8, 13 | "signals designed to affect the direct current balance of a signal" |
| "the clock generator modulating a falling edge of an output signal to indicate different data values"<br><br>'092 patent, claim 1 | "the clock generator modulating a falling edge of the clock signal input to the clock generator to indicate different data values" |
| "clock channel"<br><br>'593, claim 34 | "a channel for carrying a clock signal or a signal that includes a clock signal (such as a combined clock and data signal)" |
| "shifts an energy spectrum of the combined clock and encoded data signal away from an effective loop bandwidth of a clock recovery block"<br><br>'593 patent, claim 34 | "shifts an energy spectrum of the combined clock and encoded data signal away from the pass range of a clock recovery block." |

## Agreed Constructions

| Claim Term<br>(patent no., claim no.) | Agreed Construction |
|---|---|
| "A method of transmitting data in a system including at least one data channel and a separate clock channel"<br><br>'593 patent, claim 34 | preamble limiting |
| "clock signal" | "signal with uses that include timing or synchronization" |

4

| | |
|---|---|
| '092 patent, claim 1;<br>'593 patent, claims 34, 35;<br>'044 patent, claims 1, 8, 13 | |
| "the clock signal is pulse width modulated"<br><br>'044 patent, claims 1, 13 | plain and ordinary meaning |
| "pulse width modulated clock signal"<br><br>'044 patent, claims 8, 13 | plain and ordinary meaning |
| "data words"<br><br>'593 patent, claim 34 | plain and ordinary meaning |
| "effective loop bandwidth of a clock recovery block"<br><br>'593 patent, claim 34 | "frequency pass range of a clock recovery block" |
| "duty cycle"<br><br>'044 patent, claims 2, 3 | "the ratio of a pulse width to a period" |
| "duty cycle position"<br><br>'044 patent, claims 2, 3 | "specified ratio of a pulse width to a period" |

### III.   ORDER REGARDING NEWLY RELEASED PIXEL PRODUCTS

1.    For purposes only of determining infringement and/or non-infringement of the asserted claims of U.S. Patent Nos. 7,627,044, 6,463,092, and 7,158,593 ("Asserted Patents"), and for purposes only of the above-captioned litigation, neither party will contend that there are material differences between the functionality in the software and hardware for the Newly Released Pixel Products and the functionality in the software and hardware for any of the Previously Accused Pixel Products.  Google will not contend that SIT has failed to prove infringement, nor will SIT contend that Google has failed to prove non-infringement, of any of the Newly Released Pixel Products on the ground that the evidence of infringement or non-infringement presented relates only to the Previously Accused Pixel Products.

2. Google's discovery obligations related to the design, structure, and operation of the Newly Released Pixel Products are discharged. SIT shall not argue, present evidence, or suggest in any hearing or trial of this action for any purpose that Google's production of documents, deposition testimony, or interrogatory responses with respect to technical information for any of the Newly Released Pixel Products was deficient or incomplete.

3. This Order does not alter Google's obligations with regard to producing financial information, as detailed above in Section I.3, and does not alter SIT's burden regarding proving damages as to all accused products.

4. This Order does not constitute, and will not be offered or construed as, evidence or admission by Google that it is liable for patent infringement under 35 U.S.C. § 271, in whole or in part, which Google specifically denies. Nothing in this Order shall be construed as evidence or as an admission by Google that any Google product, including any product identified in this Order, infringes, in whole or in part, any claim of the Asserted Patents.

5. This Order applies only to the Newly Released Pixel Products (i.e., Pixel 4a, Pixel 4a 5G, and Pixel 5) and does not apply to any future or unaccused Google product, including any future or unaccused Google Pixel product.

6. This Order is to be used only in the above-captioned litigation, including the exhaustion of all appeals from this litigation. This Order shall not be binding on any party in any other administrative or judicial proceeding; nor does any party waive the right to object to the admissibility of this Order in any other proceeding.

SIGNED this 14th day of May, 2021.

ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE