IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SUPER INTERCONNECT TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § § § | 6:21-CV-00259-ADA |
| v. | § § § | |
| GOOGLE LLC, | § § | |
| Defendant. | § | |

### ORDER DENYING DEFENDANT'S MOTION TO TRANSFER

This is an action for patent infringement allegedly committed by defendant Google LLC ("Google"). Google now moves to transfer the above case to the Northern District of California ("NDCA") pursuant to 28 U.S.C § 1404(a). ECF No. 14. Google filed its motion on April 27, 2021. ECF No. 14. Plaintiff Super Interconnect Technologies ("SIT") filed its Response on May 18, 2021, ECF No. 34, and Google filed a Reply in Support of its Motion on July 2, 2021. ECF No. 44. After considering all related briefings and the relevant law, Google's Motion to Transfer is **DENIED**.

### I. FACTUAL BACKGROUND

On November 2, 2018, SIT filed suit in the Eastern District of Texas (EDTX) for patent infringement, asserting U.S. Patent Nos. 7,627,044; 6,463,092; and 7,158,593 ("Patents-in-Suit") against Google. ECF No. 14 at 2. The parties then began pre-trial discovery. The parties completed claim construction, with the EDTX issuing a *Markman* order. The parties also completed fact discovery, including depositions of party and non-party witnesses, and partially completed expert discovery. ECF No. 14 at 3. Google later filed a motion to dismiss the case for improper venue, which the EDTX denied. ECF No. 14 at 2. On February 13, 2020, the Federal

Circuit granted Google's petition for a writ of mandamus and ordered the EDTX to dismiss or transfer the case. *In re Google LLC*, 949 F.3d 1338, 1339 (Fed. Cir. 2020). On March 12, 2021, in compliance with the Federal Circuit's order, the EDTX dismissed SIT's case. ECF No. 1 at 3.

SIT then filed a substantively identical complaint with this Court for patent infringement on March 15, 2021. ECF No. 1 at 1. The parties then filed a Joint Motion Regarding Case Management and Discovery into Newly-Released Products which allows all written discovery responses, document production, and other evidence from the EDTX action to be used in the instant action as if it had been served, produced, or obtained in this case. ECF No. 34 at 2–3. The Court has also adopted the claim constructions from the EDTX action. ECF No. 34 at 3.

Both Google and SIT manufacture telecommunication equipment. Google LLC is a subsidiary of Alphabet Inc. ECF No. 1 at 1. It is a limited liability company incorporated under the laws of Delaware, and its principal place of business is in Mountainview, California. *Id*. SIT is a Texas limited liability company, and its principal place of business is in Frisco, Texas. ECF No. 14 at 4. Google's relevant documents are located in California, but these documents are all electronically available, and SIT's outside counsel retained copies of the documents on its server in Dallas, Texas. ECF No. 34 at 10. Google identified five employees it claims have information relevant to the Patent-In-Suit; these employees reside in California. ECF No. 14 at 5. These employees were deposed in the EDTX action, and it is unclear if they will be witnesses for trial. *Id*. SIT identified three witnesses it intends to call at trial, two of which reside in California while the other resides in Texas.

## II. STANDARD OF REVIEW

Neither party disputes that the Western District of Texas is a proper venue to try this case. Thus, this Court need not decide the question of whether SIT met its burden to prove proper venue under 28 U.S.C. § 1400(b). *Westech Aerosol Corp v. 3M Co.*, 927 F.3d 1378, 1382 (Fed. Cir. 2019) (holding that "the plaintiff has the burden of establishing proper venue under 28 U.S.C. § 1400(b).").

Even if venue is proper as this Court assumes, "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" if it serves "the convenience of parties and witnesses…." 28 U.S.C. § 1404(a). Therefore, a motion for transfer involves a two-step analysis: first, whether the case could have been properly brought in the proposed transferee district; and second, whether transfer would promote the interest of justice and/or the convenience of the parties and witnesses. *In re Volkswagen of America, Inc.,* 545 F.3d 304, 312, 314 (hereinafter "*Volkswagen II*") (5th Cir. 2004) (en banc).

Answering the preliminary question requires a determination of whether the proposed transferee venue is proper. If it is not, the Court's analysis ends there. First, a plaintiff may file a patent infringement action "in the judicial district where the defendant resides." 28 U.S.C. § 1400(b). The Supreme Court defined residence for purposes of § 1400(b) as the defendant's state of incorporation. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517 (2017). Alternatively, a plaintiff may establish proper venue by showing that the defendant committed acts of infringement in the district and has a regular and established place of business. 28 U.S.C. § 1400(b). A defendant has a regular and established place of business if the plaintiff proves first that there is a "physical place in the district"; second that it is a "regular and established

place of business"; and third that it is "the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

Additionally, Fifth Circuit courts "should … grant" a § 1404(a) motion if the movant can show his proposed forum is "clearly more convenient." *Volkswagen II*, 545 F.3d at 315. The Fifth Circuit further held that "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. US. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (hereinafter "*Volkswagen I*") (5th Cir. 2004) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

The burden to show that a case should be transferred for convenience falls on the on the moving party. *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010). A plaintiff's choice of venue is not an independent factor in the venue transfer analysis, and courts must not give inordinate weight to a plaintiff's choice of venue. *Id.* at 313. However, "when the transferee venue is not *clearly more convenient* than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315.

## III. DISCUSSION

**A. SIT could have brought this suit in the Northern District of California**

SIT could have brought its case in California. Google was not incorporated in California and therefore does not reside in the state as the *TC Heartland* Court defined residence. 137 S. Ct. at 1517. However, Google "designed, tested, marketed, and sold the accused products" in California. ECF No. 1 at 3. Additionally, the fact that Google's principal place of business is in Mountainview, California (within the Northern District) shows that it has a regular and established place of business in the NDCA. ECF No. 1 at 1. Google's headquarters are a "physical place in the district" that is "regular and established" and is "the place of the defendant." *See Cray*, 871 F.3d at 1360. Therefore, Google satisfies the first prong of the test: the proposed transferee district is a proper venue in this case.

**B. Google failed to show that the Northern District of California is clearly more convenient than the Western District of Texas.**

Google has not established that the NDCA is sufficiently more convenient to require a transfer. Google must show that its proposed forum is "clearly more convenient" than the forum in which the case is currently pending. *Volkswagen II*, 545 F.3d at 315. Added together, no factor favors transfer to the NDCA while two factors weigh against it, the other six being neutral. Accordingly, the Northern District of California is not "clearly more convenient," and the case should remain in the Western District of Texas.

    **1. The private *Volkswagen* factors weigh against transfer.**

        **a. The "relative ease of access to sources of proof" factor is neutral.**

First, the "relative ease of access to sources of proof" factor is neutral. Google asserts that nearly All of Google's relevant documents are located in the NDCA. ECF No. 14 at 3. SIT

argues that because Google's relevant documents and other evidence are mostly electronic and therefore easily accessible from anybody with a computer and internet connection, this factor is neutral. ECF No. 34 at 10. Non-party Qualcomm's source code are the only non-electronic documents in the suit. These documents are stored in Qualcomm's facility in California; however, SIT claims that a copy of these documents is stored in a secure office in Dallas, Texas. ECF No. 34 at 10. The parties expect Google to produce supplemental financial discovery, but all previous document productions have been made electronically to SIT's outside counsel in Dallas.

Under Fifth Circuit precedent, the electronic availability of evidence does not outweigh the physical location of the evidence for this factor. *See In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). The Court noted that "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *Id.* At first glance, because the Qualcomm source code and Google financial information are stored in the NDCA, this factor weighs in favor of transfer. But because the copies of the non-electronic documents are kept close by in Dallas, and all discovery has been electronic thus far, this factor does not favor NDCA. Moreover, the parties already completed fact discovery in EDTX, making this factor of lesser importance. This factor is therefore neutral.

### b. Google failed to prove that the "compulsory process" factor favors transfer.

Google argues that the "compulsory process" factor favors transfer. To carry its burden on this factor, Google must establish that the witnesses it intends to call are unwilling to testify. "When no party has alleged or shown any witness's unwillingness, a court should not attach much weight to the compulsory process factor." *CloudofChange, LLC v. NCR Corp.*, No. 6-19-

CV-00513, 2020 WL 6439178, at *4 (W.D. Tex. Mar. 17, 2020) (citing *Duha v. Agrium, Inc.*, 448 F.3d 867, 877 (6th Cir. 2006)).

Google argues that because several of its employees that were deposed in the EDTX action live in California and are thus under the subpoena power of the NDCA, this factor favors transfer. ECF No. 14 at 11. But Google did not state that it would call any of its own witnesses to trial, nor that any of the witnesses are unwilling to testify in the current forum. Additionally, Google identified non-party employees from Qualcomm's San Diego headquarters, two non-party inventors, and a non-party Lattice employee. ECF No. 14 at 11. Although these non-party witnesses live in California, and thus live within the subpoena range of the NDCA, Google did not provide evidence that any of these non-party witnesses are unwilling to testify without a subpoena. Therefore, Google does not satisfy its burden to tilt the weight of the "compulsory process" factor toward transfer. This factor is therefore neutral.

### c. The "cost of attendance for willing witnesses" factor is neutral.

The most important factor in the transfer analysis is the convenience of the witnesses. *SynKloud Techs., LLC v. Dropbox, Inc.*, No. 6:19-CV-00525-ADA, 2020 WL 2494574, at *4 (W.D. Tex. May 14, 2020); *Genentech, Inc.*, 566 F.3d at 1342. "When the distance between an existing venue for trial of a matter and a proposed venue under §1404(a) is more than 100 miles, the factor or inconvenience to witnesses increases in direct relationship to the additional distance to be travelled." *Volkswagen II*, 545 F.3d at 317 (quoting *Volkswagen I*, 371 F.3d at 203); *Frederick v. Advanced Fin. Sols., Inc.,* 558 F.Supp.2d 699, 704 (E.D. Tex. 2007).

When considering this factor, the Court should consider all potential material and relevant witnesses. *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017). However, "the convenience of party witnesses is given little

weight." *Moskowitz Family LLC v. Globus Med., Inc.*, No. 6:19-CV-00672-ADA, 2020 WL 4577710, at *4 (W.D. Tex. Jul. 2, 2020). Greater weight is given to a willing non-party witness than to the employees of a party. *Kuster v. Western Digital Techs., Inc.,* No. 6:20-CV-00563-ADA, 2021 WL 466147, at *6 (W.D. Tex. Feb. 9, 2021). For the reasons discussed below, this Court finds that this factor is neutral.

Google contends that its employees with relevant knowledge of the Patents-in-Suit reside in the NDCA, which would significantly reduce travel times and time spent away from work and the community. ECF No. 14 at 8. As for non-party witnesses, Google states that two inventors of the Patents-in-Suit, Gyudong Kim and Min-Kyu Kim, live in the Bay Area, a Lattice employee Jamie Garcia lives in San Jose, and Qualcomm employees live in San Diego.

SIT intends to call non-party witness Holly Hernandez at trial. ECF No. 34 at 13. SIT states that Ms. Hernandez has intimate knowledge of SIT's services and corporate structure because she is the former Director and Senior VP of SIT. Ms. Hernandez lives in Frisco, Texas and stated that travel to the NDCA would be far less convenient and more expensive. ECF No. 34 at 13. SIT further showed that witnesses Eric Lucas and Marc Booth, both of whom live in Irvine, California, indicated that they were willing to travel to Waco and that it would be convenient. ECF No. 34 at 13–14.

The arguments here point in both directions. Google argues that the NDCA would be more convenient for its party witnesses, while SIT argues WDTX is convenient for its party witnesses. But, as stated above, the Court gives little weight to the convenience of party witnesses. Of the non-party witnesses, both parties have witnesses that reside outside of the transferor and transferee districts, with Qualcomm employees living in San Diego and Ms. Hernandez living in Frisco. Notably, SIT has indicated it intends call Ms. Hernandez, who is

willing to testify, while Google has not identified which Qualcomm employees it intends to call and has not indicated if they are unwilling to testify. Although it is true that the inventors and Mr. Garcia live in the NDCA, Google has not stated that it intends to call these witnesses at trial, despite this case being at an advanced stage of litigation. "[T]he Court assumes that no more than a few party witnesses—and even fewer third-party witnesses, if any—will testify live at trial." *Fintiv v. Apple, Inc*, No. 6:18-CV-00372-ADA, 2019 WL 4743678, at *6 (W.D. Tex. Sept. 13, 2019). Given that these witnesses have already been deposed in the EDTX action, and Google has not indicated why the deposition testimony is insufficient, Google fails to show concretely how this factor significantly favors transfer. For those reasons, the Court finds this factor to be neutral.

### d. The "all other practical problems" factor weighs against transfer.

The final private *Volkswagen* factor weighs against transfer. When analyzing this factor, a court considers "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 314. "Practical problems include those that are rationally based on judicial economy." *Wahlstrom v. B & A Carrier LLC*, No. 2:18-CV-00313-JRG, 2019 WL 130296, at *4 (E.D. Tex. Jan. 8, 2019). A party's delay in filing a motion to transfer is considered under this factor. *Diem LLC v. BigCommerce, Inc.*, No. 6:17-CV-00186-JRG, 2017 WL 6729907, at *4–5 (E.D. Tex. Dec. 28, 2017).

In its reply to Google's Motion, SIT urges the Court to consider the proceedings of the EDTX action that preceded this case. ECF No. 34 at 6. Throughout the two years of litigation in the EDTX action, Google never filed a motion to transfer due to an inconvenient venue. SIT contends that transferring venues would cause delay and would further prejudice SIT. ECF No. 34 at 6.

Due to the significant amount of discovery and litigation already completed in the EDTX action, and that the parties and this Court have agreed to reuse the discovery information, this case is already at an advanced stage. Furthermore, it is not guaranteed that the NDCA would accept the claim constructions or allow the parties to reuse the discovery of the EDTX action. While judicial economy alone cannot justify denying a § 1404 motion to dismiss, it does tip the final private factor against transfer due to the unique circumstances of this case.

**2. The public *Volkswagen* factors weigh against transfer.**

**a. The "local interest" factor is neutral.**

The first public interest factor, "local interest," is neutral. While Google was founded and headquartered in Northern California, it is a global corporation (incorporated in Delaware) whose business practices affect companies all over the world. The NDCA would certainly have an interest in this case because the cause of action "calls into question the work and reputation of several individuals residing in or near that district." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2008). But this district also has an interest in the disposition of this case given that SIT is a Texas LLC that was founded in the WDTX and maintains a registered address here. ECF No. 34 at 15 n.3. Google argues that since the NDCA is home to the company personnel with relevant information as well as documentary evidence in this case, the NDCA has a "far stronger local interest in the case than the Western District of Texas. ECF No. 14 at 12. However, this argument understates the global reach of Google's products and in particular its connection to the state of Texas. Not only did the alleged acts of infringement occur in this district, but Google also has an office in the Western District in Austin. ECF No. 34 at 15, Ex. I. Both districts have a local interest, making this first public interest factor neutral.

**b. The "court congestion" factor weighs against transfer.**

The relevant inquiry under the "court congestion" factor is "[t]he speed with which a case can come to trial and be resolved." *Genentech, Inc*. 566 F.3d at 1347. Google uses statistics spanning the last decade to argue that the NDCA provides a faster median time to jury trial than the Western District of Texas. ECF No. 14 at 13. This argument fails for two reasons.

First, this Court has only existed for the last three years, making the previous seven years of data wholly irrelevant. During the past three years, this Court has consistently brought intellectual property cases to trial at an efficient rate. Recent data shows that "for patent cases since 2016, the average time to trial in NDCA was 34.1 months." *Demaray LLC v Samsung Electronics Co., et al*., No. 6-20-CV-636-ADA, ECF No. 115 at 11 (W.D. Tex. Jul. 1, 2021). By contrast, this Court's Order Governing Proceedings – Patent Case ("OGP") sets patent cases for trial at 52 weeks after *Markman* hearings. Despite the large number of cases pending before this Court, the Court has been able to bring patent cases to trial approximately in accordance with its guidance in the OGP. *See, e.g., CloudofChange, LLC*, 2020 WL 6439178 (20.3 months from case filing to trial); *VLSI Technology LLC v. Intel Corporation*, No. 6-21-CV-00057 (W.D. Tex., filed Apr. 11, 2019) (22.4 months from case filing to trial); *Freshub, Inc. et al v. Amazon.Com Inc. et al*, No. 6-21-CV-00511 (W.D. Tex., filed Jun. 24, 2019) (23.7 months from case filing to trial); *ESW Holdings, Inc. v. Roku, Inc*. No. 6-19-CV-00044 (W.D. Tex., filed Feb. 8, 2019) (25.9 months from case filing to trial). Therefore, the time to trial for patent cases in the Waco Division is almost 12 months shorter on average than in the NDCA.

Second, the trial backlog in NDCA caused by courthouse closures due to the COVID-19 pandemic beginning in March 2020 would make the time to trial for patent cases, and all cases in general, even longer. Civil trials have been temporarily suspended in NDCA due to COVID-19 at the time Google filed its motion. ECF No. 34 at 8. By contrast, this Court conducted its first

patent jury trial during the COVID-19 pandemic in October 2020, and has since conducted at least seven jury trials, six of which are patent jury trials. In the first half of 2021 alone, this Court has already conducted five patent jury trials in the Waco courthouse. Taking these into consideration, the differences in average time to trial in this Court and the NDCA could be much longer than 12 months.

Due to the advanced nature of this litigation, and the parties' agreement to reuse discovery evidence from the EDTX action, trial is approaching. Transfer to the NDCA would only cause further unnecessary delay, and therefore weighs against transfer.

### c. The remaining public factors are neutral.

Familiarity with the governing law is neutral as both the NDCA and the WDTX are well versed in patent law. Additionally, there are no issues regarding conflict of laws. Therefore, both factors are neutral.

## IV. CONCLUSION

Google met its preliminary burden to show that the Northern District of California is a proper venue for this lawsuit. However, the balance of the *Volkswagen* test weighs against transfer. No factors favor transfer, and two factors weigh against it. The other remaining factors are neutral. Therefore, Google did not meet its burden of proof under the *Volkswagen* test to show that the Northern District of California is clearly more convenient. Its Motion to Transfer is therefore **DENIED.**

SIGNED this 15th day of September, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE